MCFADDEN, Judge,
concurring fully and specially.
I write separately to withhold my full concurrence from Division 2 (b), in which the majority holds that Water Applications is entitled to summary judgment on Fletcher’s negligent failure-to-warn claim due to lack of knowledge. But I reach the same result on the basis of failure to show a duty to warn. I concur fully in the remainder of the opinion.
The majority holds that Water Applications is entitled to summary judgment on the failure-to-warn claim because “Fletcher has not presented evidence from which a jury could infer that. .. Water Applications had constructive knowledge of the hazards associated with asbestos dust residue released from CertainTeed’s water pipe.” We should not reach the issue of knowledge because Fletcher had discovery pending on that issue when Water Applications’s motion for summary judgment was argued and she properly brought that outstanding discovery to the attention of the trial court by filing a motion under OCGA § 9-11-56 (f).The trial court responded to thatmotion at the summary judgment hearing by announcing that he would limit his consideration to the issue of duty. As for knowledge, he proposed to “just kick that can down the road.”
*703 Nonetheless, I agree that Water Applications is entitled to summary judgment on the failure-to-warn claim. I am persuaded — for reasons corresponding to those set out in Judge Dillard’s opinion concurring in part and dissenting in part — that that duty does not extend to Water Applications’s conduct.